UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN TREVINO,<br>　　Plaintiff | §<br>§<br>§ | |
| VS. | §<br>§ | A CIVIL ACTION _____ |
| LOCKHEED MARTIN CORPORATION<br>D/B/A LOCKHEED MARTIN<br>AERONAUTICS COMPANY,<br>　　Defendants | §<br>§<br>§<br>§ | <br><br><br>A JURY IS DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, JOHN TREVINO**, Plaintiff herein, complaining of **LOCKHEED MARTIN CORPORATION d/b/a LOCKHEED MARTIN AERONAUTICS COMPANY** (hereinafter referred to collectively as "Lockheed Martin" or "Defendant"), Defendant herein, and in support would show the Court as follows:

### I.　NATURE OF THE CASE

1.　This is an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.*, for unlawful employment practices based on age and national origin discrimination. Plaintiff **JOHN TREVINO** ("Plaintiff" or "Trevino") alleges that Lockheed Martin subjected Mr. Trevino to discrimination based on his age and national origin.

### II.　JURISDICTION AND VENUE

2.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action is based on Title VII, 42 U.S.C. §2000e, *et seq.*, and 29 U.S.C. 621 *et seq.* (both federal statutes), and pursuant to 28 U.S.C. §1337 because the action is based on a federal statute regulating

commerce.

3. Venue is proper in the United States District Court for the Northern District of Texas pursuant to 42 U.S.C. 2000e-5(f)(3) and 28 U.S.C. §1391(b)(2), in that all or a substantial portion of the facts giving rise to Plaintiff's cause of action occurred in the Northern District of Texas.

## III.   PARTIES

4. Plaintiff **JOHN TREVINO** is a citizen and resident of Tarrant County, Texas.

5. Defendant **LOCKHEED MARTIN CORPORATION d/b/a LOCKHEED MARTIN AERONAUTICS COMPANY** is a foreign (Maryland) for-profit corporation doing business in the State of Texas, which may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC- Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## IV.   FACTS

6. Plaintiff John Trevino was born June 24, 1960. He is Hispanic-American. Prior to 2015, Trevino had enjoyed a twenty-seven (27) year career with Lockheed Martin – a defense contractor with numerous defense contracts with the United States Government. Over the years, Trevino held collateral top-secret clearance with the government, and had been "read into" or given access to several "Special Access Programs." During this twenty-seven (27) year period, Trevino was consistently well-reviewed, promoted and given raises by his supervisors at Lockheed Martin.

7. In or around 2015, Trevino was assigned a new, non-Hispanic supervisor who was significantly younger than Trevino. The new supervisor appeared not to value Trevino's years of experience and began reviewing Trevino's work less favorably than Trevino's previous supervisors had. Mr. Trevino's new supervisor also treated younger employees more favorably than she treated Trevino. Specifically, Trevino's new supervisor nominated younger employees

(including employees Trevino was mentoring or had mentored) for "SPOT Awards," without any acknowledgement of Trevino's contribution to their successes.

8.      In the Fall / early Winter of 2017, Trevino was in his 50's. Roughly two years after Trevino was assigned a younger, non-Hispanic supervisor, Trevino was targeted for a so-called "mischarging" audit, in which Lockheed Martin reviewed the charging of Trevino's time on various Foreign Military Service (FMS) contracts. The purpose of such an audit is supposed to be to arrive at one, truthful determination of whether or not an employee is appropriately charging his or her time to Lockheed Martin, which Lockheed Martin is then charging to the United States Government.

9.      Lockheed Martin's specific allegations against Trevino were its false contentions that Trevino was operating his own personal business on Lockheed Martin time, and using Lockheed Martin equipment (the laptop Trevino had been issued) to do it. Lockheed Martin claimed to have caught Trevino "mischarging time" (which was untrue). Lockheed Martin then terminated Trevino's employment, supposedly for that reason.

10.     Lockheed Martin had no factual basis for targeting Trevino for this audit. First, Trevino did not improperly charge or "mischarge" his time to Lockheed Martin. Second, Trevino had been issued numerous laptops over the course of his time with Lockheed Martin, and Trevino had used the laptops for personal business (without charging Lockheed Martin for the time) frequently, as had other Lockheed Martin employees (upon information and belief).

11.     When the time came to trade in each of those prior laptops and receive a new company laptop, Lockheed Martin's IT (Information Technology) department had examined and swept every one of them. Those laptops contained any and all data showing Trevino's previous pattern of limited (and uncharged) personal use on those laptops, and it was likely discovered by Lockheed

Martin's IT technicians. No one ever informed Trevino that his limited, uncharged personal use of the company laptop was against Lockheed Martin's company policies. Trevino is confident that many other Lockheed Martin employees had, over the years, engaged in this same practice of limited, uncharged personal use on Lockheed Martin laptops. If this limited, uncharged personal use had been grounds for termination or discipline under Lockheed Martin's progressive discipline policy, Lockheed Martin would have verbally counseled all of its employees (including Trevino), or written up all of the employees (including Trevino) for it.

12.   Third, at least one other employee was also targeted for this same kind of "mischarging" audit. This other targeted employee – like Trevino – was also significantly over forty (40) years old. Upon information and belief, several Lockheed Martin employees were targeted during approximately the same time period, and most or all of those employees were over forty (40) years old.

13.   Upon information and belief, no employees under forty (40) were targeted for a "mischarging" audit, and no one under forty (40) was disciplined or terminated for having allegedly conducted personal business on a company computer. The evidence will show that both the targeting for the audit, and Trevino's termination for alleged "mischarging" and for personal use of company equipment, were actually the result of discrimination based on age and national origin.

14.   Lockheed Martin further discriminated against Trevino on the basis of age and national origin by reporting him falsely to the United States Navy for the alleged "mischarging," which resulted in Trevino's having been threatened with a debarment – that is, a loss of his government security clearance. The temporary and potentially permanent loss of his security clearance severely impacted Trevino's ability to work in the defense contractor industry, although thankfully Trevino

was ultimately cleared by the Navy in his debarment proceeding. Evidence will show that the "personal use" allegation was a pre-text, in that Trevino had never previously been told that his limited, uncharged personal use of company equipment violated company policy. Upon information and belief, not only were no employees under forty (40) disciplined for the same alleged conduct, Trevino himself had never been disciplined for it in the thirty-two previous years he had worked for Lockheed Martin.

15.     The evidence will show the "mischarging" allegation was also a pre-text. First, it was simply not true. Second, Lockheed Martin has given at least three or four conflicting and contradictory versions of its "findings" regarding the alleged "mischarging" offense. The evidence will show that the real reason for the audit, termination, and initiating the disbarment proceeding against Trevino was discrimination based on age and national origin.

## V.     ADMINISTRATIVE PROCEDURE

16.     Trevino timely submitted a questionnaire/complaint to the Equal Employment Opportunity Commission ("EEOC") on or about October 8, 2018, within three hundred (300) days of the date of his termination. Trevino indicated his desire to file a Charge of Discrimination, and when the EEOC prepared a Charge of Discrimination for him to sign, Trevino executed it timely on May 6, 2019, amending and perfecting his previous EEOC filing.

17.     When Lockheed Martin failed to resolve this matter at the administrative level, the EEOC issued Trevino a right to sue letter on August 26, 2020. Trevino timely files this Complaint within ninety (90) days of receiving his EEOC right to sue letter.

## VI.     CAUSES OF ACTION

**A. COUNT 1:  The Defendants Wrongfully Terminated Plaintiff Because of His Age, in Violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.***

18.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs

1-17.

19.     The effect of Defendant's acts complained of above has been to deprive Trevino of equal employment opportunities as an employee because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.*

20.     The "reason" given by Defendant for Trevino's termination was a pretext for age discrimination and was not the true reason for Trevino's termination.

21.     Defendant's termination of Trevino was because of animus based on his age.

22.     Defendant acted intentionally, maliciously, and/or recklessly in terminating Trevino because of his age and national origin.

23.     As a direct and proximate result of the acts complained of herein, Trevino has and will continue to suffer loss of compensation, wages, salary and bonuses, past benefits, future pecuniary losses, mental and emotional distress, humiliation, loss of reputation, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

24.     By reason of the discrimination suffered by Plaintiff, Trevino is entitled to all legal and equitable remedies available under the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.*, including but not limited to punitive damages.

**B.  COUNT 2:  The Defendants Wrongfully Terminated Plaintiff Because of His National Origin, in Violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.***

25.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs 1-24.

26.     The effect of Defendant's acts complained of above has been to deprive Trevino of equal employment opportunities as an employee because of his national origin in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.*

27. The "reason" given by Defendant for Trevino's termination was a pretext for national origin discrimination and was not the true reason for Trevino's termination.

28. Defendant's termination of Trevino was because of animus based on his national origin.

29. Defendant acted intentionally, maliciously, and/or recklessly in terminating Trevino because of his age and national origin.

30. As a direct and proximate result of the acts complained of herein, Trevino has and will continue to suffer loss of compensation, wages, salary and bonuses, past benefits, future pecuniary losses, mental and emotional distress, humiliation, loss of reputation, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

31. By reason of the discrimination suffered by Plaintiff, Trevino is entitled to all legal and equitable remedies available under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.,* including but not limited to punitive damages.

## VII.    PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff John Trevino respectfully requests the following relief:

a. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from discriminating against other employees on the basis of age or national origin;

b. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of age or national origin, and which eradicate the effects of Defendant's past unlawful employment practices;

c. Order Defendant to make Trevino whole by reinstating him to his former position, with all seniority, salary, benefits, retirement eligibility and any other employee statuses completely restored;

d. Order Defendant to make Trevino whole by providing compensation for past and future pecuniary and economic losses resulting from Defendant's unlawful practices described above, including but not limited to back pay, front pay, health and other fringe benefits and pecuniary harm

      resulting from the loss of such benefits, as well as the pecuniary harm to Trevino's retirement contributions, vesting, draw schedule, or any other pecuniary loss;

e. Order Defendant to make Trevino whole by providing compensation for non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, loss of civil rights and nominal damages, in an amount to be determined at trial;

f. Order Defendant to pay Trevino punitive damages for its malicious and reckless conduct described above, in an amount to be determined at trial;

g. Order Defendant to pay Trevino's litigation costs and expenses, including reasonable attorneys' fees, expert witness fees, and pre-judgment and post-judgment interest; and

h. Grant such further relief as the Court deems necessary and proper in the public interest.

## DEMAND FOR JURY

Plaintiff demands trial by jury of all issues of fact raised by this Complaint.

      Respectfully submitted,

      Walter L. Taylor
      State Bar No. 19727030
      **HART LAW FIRM, PLLC**
      *Wtaylor@thehartlawfirm.com*
      6630 Colleyville Blvd, Suite 100
      Colleyville, Texas 76034
      Tel: (817) 329-7020
      Fax: (682) 292-7406
      **ATTORNEY FOR PLAINTIFF**